UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ERVIN R. HALL, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | CAUSE NO. 3:17-CV-531-JD-MGG |
| WARDEN, | ) |  |
| Respondent. | ) |  |

OPINION AND ORDER

Ervin R. Hall, a prisoner without a lawyer, filed a habeas corpus petition challenging his disciplinary hearing (ISP 17-03-147) at the Westville Correctional Facility on April 5, 2017, where a Disciplinary Hearing Officer (DHO) found him guilty of engaging in an unauthorized financial transaction in violation of Indiana Department of Correction (IDOC) policy B-220. ECF 2 at 1. As a result, he lost 30 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. *Id.*

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the

record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985). In his petition, Hall argues there are three grounds which entitle him to habeas corpus relief.

First, Hall argues the DHO did not have sufficient evidence to find him guilty. ECF 2 at 2. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, Hall was found guilty of violating IDOC offense B-220, which prohibits inmates from "[e]ngaging in or possessing materials used for unauthorized financial

2

transactions. This includes, but is not limited to, the use or possession of identifying information of credit cards, debit cards, or any other card used to complete a financial transaction." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The Conduct Report charged Hall as follows:

> On the above date and time, this Investigator Sharon Hert was monitoring phone calls. The phone number 219 614-8239 is on offender Ervin Hall's #921011 phone list as Rhonda Young "Friend". On 3/6/17 this phone number was given to a caller telling them to place 50 dollars on ### 552-7791 and 75 on ### 186-1726 number. The caller was told they are Pay Pal numbers. On 3/6/17 at approx 16:41 offender Hall calls 219 614-8239 and talks to Ms. Young. Hall is heard saying if his cousin has called and given her 125 dollars. She tells him someone did call. Hall asks her again if his cousin called and she confirms the call and tells him, there was 70 on one and 50 on the other. Hall is heard saying, "It should be 75 on one and 50 on the other. She tells him that sounds correct she would check it again. Hall is then heard saying it was for lawyer fees.
>
> Based on the phone calls that were monitored offender Ervin Hall #921011 will be issued the Class B 220 Unauthorized Financial Transaction.

ECF 8-1 at 1.

The DHO had sufficient evidence to find Hall guilty of violating offense B-220. A conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. The reporting officer heard telephone calls between an unidentified caller and Young as well as calls between Hall and Young. Hall was recorded asking Young whether "his cousin" had called and given her $125. ECF 8 at 7. After she confirmed she received the call and stated one payment was $70 and the other was $50, Hall corrected Young and told her the payments should have been $75 and

3

$50. *Id*. Earlier that same day, the unidentified caller told Young to place the $75 and $50 transactions on two PayPal numbers. *Id*. The details of these transactions corresponded exactly. *Id*. Hall's question to Young further indicated he was expecting her to have received the prior call detailing the transactions. *Id*. at 7-8. Based on the phone call between Hall and Young, there was more than "some evidence" that Hall conducted an unauthorized financial transaction with Young.[1]

Hall asserts the DHO did not consider his written statement and that it was omitted from the record. ECF 2 at 2. However, that is not the case. Hall's statement is contained in the administrative record, ECF 8-6 at 2, and the DHO considered it in reaching a decision. ECF 8-6 at 1. It appears as though what Hall is actually complaining about is that the DHO did not credit his statement. However, the DHO was responsible for determining the credibility of Hall's statement and this court cannot reevaluate that decision. *Hill*, 472 U.S. at 455-456. Therefore this ground does not state a basis for habeas corpus relief.

Next, Hall asserts that his request to obtain a statement from the unidentified caller in the Conduct Report was improperly denied. Prison officials have discretion to "keep the hearing within reasonable limits." *Wolff*, 418 U.S. at 566. Thus, a hearing officer may deny witness or evidence requests that threaten institutional goals or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton* , 342 F.3d 660, 678 (7th Cir. 2003).

---

[1]The Court reviewed the audio recordings of the phone conversations and notes the Conduct Report accurately reflects Hall's participation in an unauthorized financial transaction as described in the Conduct Report.

4

That is what happened here. The DHO denied Hall's request for a statement from the unidentified "caller" as irrelevant. ECF 8-2.

Hall contends this witness was needed to explain why that unidentified caller had Rhonda Young's contact information. *Id*. However, that information is irrelevant. Hall was disciplined for committing offense B-220 because he used Young to conduct an unauthorized financial transaction. Therefore, even if the witness had presented a statement explaining how he obtained Young's number, it would not have changed the fact that Hall was recorded asking Young about the two financial transactions which corresponded to the two transactions discussed between the unidentified caller and Young.

Furthermore, a hearing officer's improper exclusion of evidence will be deemed harmless unless there is some indication from the record that the evidence "might have aided [the prisoner's] defense." *Piggie,* 342 F.3d at 666. Hall does not identify anything from this witness that would prove to be exculpatory or that might have aided his defense. Thus, even if the hearing officer improperly excluded this witness, it would have been a harmless error. Therefore, he is not entitled to habeas relief on this ground.

Finally, Hall argues the Conduct Report failed to describe an unauthorized financial transaction of any kind. ECF 2 at 3. Prisoners are entitled to notice of the basis of the charges against them. *Wolff*, 418 U.S. at 563-64. This requirement is satisfied so long as the underlying basis of the charge was adequate to give the prisoner notice of the allegations against him. *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003). This

requirement was met. The detailed Conduct Report informed Hall of the facts sufficient to apprise him of the unauthorized financial transaction charge. ECF 8-1 at 1. Therefore, Hall is not entitled to habeas corpus relief on this ground either.

If Hall wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009).

For these reasons, Ervin Hall's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on March 19, 2018.

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT